**Zachary BROWN, Plaintiff–Appellant,**

v.

**CITY OF NEW YORK, and in their individual capacities, Rhonda Johnson, Cathy Nonas, and Lynn Silver, Defendants–Appellees.**

No. 12–589–cv.

United States Court of Appeals, Second Circuit.

Feb. 20, 2013.

Aaron David Frishberg, New York, NY, for Appellant.

Diana Lawless (Larry A. Sonnenshein, on the brief), for Michael A. Cardozo, Corporation Counsel of City of New York, New York, NY, for Appellees.

PRESENT: RAYMOND J. LOHIER, JR., SUSAN L. CARNEY, Circuit Judges, J. PAUL OETKEN,* District Judge.

## SUMMARY ORDER

Zachary Brown, who was fired by the New York City Department of Health and Mental Hygiene, brought this employment discrimination action against the City of New York, and his former supervisors (collectively, "the City"), alleging discrimination on the basis of race, age, and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.;* the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.;* 42 U.S.C. §§ 1981, 1983; the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.;* and the New York City Human Rights Law, N.Y.C. Admin. Code § 8–101 *et seq.* Brown is an African–American man and is over 40 years old. The District Court granted the City's summary judgment motion after concluding that the City had offered a legitimate, non-discriminatory reason for Brown's firing, namely, that

---

* The Honorable J. Paul Oetken, of the United States District Court for the Southern District of New York, sitting by designation.

Brown had raised his voice and directed profanity at his immediate supervisor during an altercation, and that Brown had not pointed to evidence sufficient to raise a disputed issue of material fact on the question of whether the City's proffered reason was pretextual. We assume the parties' familiarity with the facts and record of the prior proceedings, which we refer to only as necessary to explain our decision to affirm.

Our review of the District Court's grant of summary judgment is *de novo,* and we construe the evidence in the light most favorable to the non-moving party, drawing all inferences and resolving all ambiguities in his favor. *Gorzynski v. JetBlue Airways Corp.,* 596 F.3d 93, 101 (2d Cir. 2010). We conclude for substantially the same reasons stated by the District Court in its Memorandum and Order dated November 30, 2011 that the City was entitled to summary judgment.

We have considered all of Brown's other arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.